UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIO COX,

                        Petitioner,

                                                              21-CV-1177-LJV
        v.                                                    DECISION & ORDER

ANTHONY ANNUCCI,

                        Respondent.

---

On November 1, 2021, the *pro se* petitioner, Mario Cox, filed a petition for a writ

of habeas corpus under 28 U.S.C. § 2254.  Docket Item 1.  Cox says that he was

unlawfully punished for violating three New York State Department of Corrections and

Community Supervision ("DOCCS") rules during his incarceration at the Orleans

Correctional Facility ("Orleans").  The respondent moved to dismiss Cox's petition on

February 17, 2022, and on March 10, 2022, Cox replied.[1]  Docket Items 13, 15.

For the following reasons, the respondent's motion to dismiss will be granted

unless, within 45 days of the date of this order, Cox amends his petition to demonstrate

that he lost "good-time" credits, or that the duration of his sentence of imprisonment was

otherwise affected, as a result of the sanctions imposed against him.

---

[1] The respondent's motion was due about two months before the respondent
moved to dismiss the petition.  *See* Docket Item 6.  Cox therefore "objects" to the
untimely filing.  *See* Docket Item 15.  But this Court already "accept[ed] the
respondent's . . . motion to dismiss" after it was filed.  *See* Docket Item 14.  So Cox's
objection is overruled and this Court considers the respondent's motion to dismiss.

**FACTUAL BACKGROUND**[2]

At the time of the events challenged in the petition, Cox was serving a sentence

for convictions on two counts of first-degree criminal contempt and one count of second-

degree burglary imposed by the Erie County Court in 2011. Docket Item 1 at 1.

On March 13, 2021, an Orleans correction officer entered Cox's "cube" cell to

"complete a pack up" of the cell before Cox "was [] placed in [the] special housing unit

["SHU"]." *Id.* at 43, 87.  After entering Cox's cell, the officer discovered purported

contraband and gang-related material.  *Id.* at 43, 82.  More specifically, the officer found

pen ink cartridges and tracing paper, both of which were allegedly associated with

prison tattooing.  *Id.*  The officer also found a watch with its Department Identification

Number scratched off and an envelope with supposed gang-related references written

on it.  *Id.* at 43.

Cox subsequently was charged with violating three DOCCS rules: Rule 105.13,

which prohibits gang-related activity;[3] Rule 113.15, which prohibits the unauthorized

exchange of materials;[4] and Rule 118.20, which prohibits tattooing and the possession

---

[2] Unless otherwise noted, the following facts are drawn from the petition and attached exhibits and are assumed to be true.  *See Tripathy v. Schneider*, 473 F. Supp. 3d 220, 226 (W.D.N.Y. 2020).

[3] "An incarcerated individual shall not engage in or encourage others in gang activities or meetings, or display, wear, possess, distribute or use gang insignia or materials including, but not limited to, printed or handwritten gang or gang[-]related material."  Rule 105.13, N.Y. Comp. Codes R. & Regs. tit. 7, § 270.2.

[4] "An incarcerated individual shall not purchase, sell, loan, give or exchange a personally owned article without authorization."  Rule 113.15, N.Y. Comp. Codes R. & Regs. tit. 7, § 270.2.

of devices used for tattooing.[5]  After a disciplinary hearing, Cox was convicted of all three charges and was sentenced to sixteen days in keeplock confinement[6] with corresponding "loss of recreation, packages, and commissary" privileges.  Docket Item 1 at 106; *see also id.* at 31.  Cox's keeplock confinement was scheduled to run from March 26 to April 11, but he was released from keeplock after serving twelve days.[7]  *Id.* at 106; Docket Item 13 at 7.

About two months after Cox's keeplock confinement ended, he filed a petition challenging his disciplinary conviction under New York Civil Practice Law and Rules Article 78.  Docket Item 1 at 14-17.  The petition was transferred from New York State Supreme Court, Orleans County, to New York State Supreme Court, Appellate Division, Fourth Department.  *See* Docket Item 13 at 8.  According to the respondent, the Appellate Division dismissed Cox's petition after he failed to file a brief.[8]  *See id.* at 3.

---

[5] "An incarcerated individual shall not tattoo or otherwise permanently mark his or her or another's body, or allow his or her body to be tattooed or permanently marked by another.  An incarcerated individual shall not be in possession of an instrument or device used for the purpose of making tattoos."  Rule 118.20, N.Y. Comp. Codes R. & Regs. tit. 7, § 270.2.

[6] "Keeplock," also spelled "keep-lock" and "keep lock" in the documents here, *see, e.g.*, Docket Item 1 at 106, "is a form of administrative segregation in which the inmate is confined to his cell, deprived of participation in normal prison routine, and denied contact with other inmates."  *Peralta v. Vasquez*, 467 F.3d 98, 103 n.6 (2d Cir. 2006) (internal quotation marks omitted).  According to the respondent, keeplock at a facility like Orleans "involves transfer to [the SHU]."  Docket Item 13 at 2 n.1.

[7] Cox also received fourteen days of "pre-hearing" keeplock confinement, which ended when he began his sentence on March 26.  Docket Item 1 at 106.

[8] Cox says that this state court proceeding is "void" and that he therefore is excused from exhausting his state court remedies before bringing this petition under 28 U.S.C. § 2254.  *See* Docket Item 1 at 5-7 (citing 28 U.S.C. § 2254(b)); *see also* 28 U.S.C. § 2254(b)(1)(B)(ii) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a [s]tate court shall not be granted unless it appears that[] . . . circumstances exist that render [state] process ineffective to protect

3

**DISCUSSION**

I.      **MOTION TO COMPEL**

After the attorney for the respondent filed a notice of appearance and a
corresponding letter indicating that he would be representing the respondent in this
case, *see* Docket Items 9 and 10, Cox filed a "letter-motion" objecting to those filings,
*see* Docket Item 11.  Cox objects to counsel's failure to file "proof of service" along with
his notice of appearance and to his "fail[ure] to provide an attorney bar number."  *Id.* at
1.  Cox also says that the respondent did not "receive a notice of electronic filing as
required by the [Second Circuit]."  *Id.* (citing *Franklin v. McHugh*, 804 F.3d 627 (2d Cir.
2015)).  Cox therefore asks this Court to "order the [r]espondent to properly [file and]
serve the petition with an answer with a copy of the record[] . . . so that the Clerk shall
verify by notice of electronic filing."  *Id.*

Although Cox says that he "shall be prejudiced" because these filings "[were] not
proper[]," *id.* at 1-2, it is difficult to imagine how any purported deficiency in those filings
prejudiced him.  Despite counsel's failure to note that the notice of appearance and
letter were served on Cox, Cox clearly received both filings, which were attached to his
"letter-motion to compel."  *See id.* at 4-5.  And it is not clear how counsel's failure to
provide a bar number or his failure to "receive a notice of electronic filing" affected Cox
in any way.[9]

_____

the rights of the applicant.").  For the reasons outlined below, Cox's claims apparently
cannot proceed under 28 U.S.C. § 2254, so this Court does not address whether Cox is
excused from exhausting his state court remedies.

        [9] Indeed, respondent's counsel filed both the notice of appearance and
corresponding letter on the docket, *see* Docket Items 9 and 10, so Cox's assertion that

For all those reasons, any deficiencies in the notice of appearance and corresponding letter did not prejudice Cox in any meaningful way.  Cox's motion to compel, Docket Item 11, therefore is denied.

## II.    COX'S CHALLENGE TO HIS DISCIPLINARY CONFINEMENT

"[W]hen a prisoner is challenging 'the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'"  *Peralta*, 467 F.3d at 102 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).  But "many intra-prison administrative or disciplinary decisions that could result in deprivations in violation of the Constitution do not affect the fact or length of a prisoner's confinement."  *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).  "For example, such decisions could result in a prisoner's placement in solitary confinement or keeplock" or "some other form of confinement more restrictive than that imposed on the general prison population."  *Id.*  In those cases, where "a state prisoner [] is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody," an action under 42 U.S.C. § 1983 "is [the] proper remedy" rather than a habeas petition under 28 U.S.C. § 2254.[10]  *Peralta*, 467 F.3d at 102 (quoting *Preiser*, 411 U.S. at 499).

---

the respondent's counsel did not "receive a notice of electronic filing" when counsel filed those documents appears to lack merit.

[10] In *Preiser*, the Supreme Court suggested that habeas corpus relief "arguabl[y]" would be available "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody" and he or she seeks to "remove the restraints making the custody illegal."  411 U.S. at 499.  But the Court "has never followed the speculation in *Preiser*" that a prisoner challenging those "additional and unconstitutional restraints" would have "a habeas claim independent of" a claim under section 1983.

Cox says that his "unconstitutional custody in [the] [SHU]" was "obtained in violation of the United States Constitution under [the] Fourteenth Amendment."  Docket Item 1 at 6.  In other words, Cox challenges the search and proceedings that ultimately resulted in his twelve-day keeplock confinement, his restricted ability to receive packages, and his loss of recreation and commissary privileges.  *See id.* at 3-4 (alleging deficiencies in the cube search and the disciplinary proceeding).  But that intra-prison disciplinary proceeding apparently had no effect on the sentence or the length of the sentence that Cox was given in Erie County Court.[11]  So for the reasons stated above, any challenge to that prison disciplinary proceeding and Cox's resulting keeplock confinement must be brought under 42 U.S.C. § 1983—not 28 U.S.C. § 2254.  *See Adams v. McGinnis*, 317 F. Supp. 2d 243, 244 (W.D.N.Y. 2004) ("[A]llegations that [a]

---

*Muhammad v. Close*, 540 U.S. 749, 751 n.1 (2004).  And in any event, Cox already had received and served his disciplinary sentence by the time he filed the petition in this case, so this Court could not "remove the restraints making the custody illegal."  *Preiser*, 411 U.S. at 499.

[11] The petition also refers to "loss of good time" as a result of the disciplinary conviction.  Docket Item 1 at 6.  Because "the revocation of [] good-time credits . . . affect[s] the length of [a prisoner's] overall sentence," a state prisoner challenging an "intra-prison sanction[]" that leads to lost good-time credits must proceed under 28 U.S.C. § 2254.  *Jenkins*, 179 F.3d at 25 (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).  So if Cox indeed lost good-time credits as a result of the disciplinary charges against him, his claims would be cognizable under section 2254 because those claims would implicate the "duration" of his physical confinement.

But the records Cox attached to his petition appear to indicate that Cox did *not* lose any good-time credits as a result of the charges against him.  *See* Docket Item 1 at 106 (hearing officer "impos[ing]" a penalty of keeplock confinement with "loss of recreation, packages, and commissary" privileges); *see also id.* at 31 ("Disciplinary Hearing Disposition" reflecting "penalt[ies]" of "keeplock," "recreation," "packages," and "commissary").  So Cox cannot proceed under 28 U.S.C. § 2254 if he indeed did not lose any good-time credits.  Nevertheless, Cox may amend his petition to show that he did lose good-time credits and explain why those documents do not refute his allegations.

petitioner was sentenced to [segregation in the] SHU, but nothing else—*e.g.*, loss of good[-]time credits—. . . should [] be[] brought under 42 U.S.C. § 1983, and not 28 U.S.C. § 2254, because the disciplinary sentenced challenged [] does not impact the overall length of the [petitioner's] confinement on his state court criminal conviction."); *see also Booker v. Chappius*, 2016 WL 8668511, at *2 (W.D.N.Y. Nov. 18, 2016) (citing *Adams*, 317 F. Supp. 2d at 244).

## III.   LEAVE TO AMEND

For all the reasons stated above, Cox's claims appear not to be cognizable under 28 U.S.C. § 2254.[12]  But Cox may amend his petition within 45 days of the date of this order to show that his disciplinary conviction had some effect on the fact or duration of his confinement—for example, through the loss of good-time credits.  *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (leave to amend a habeas petition should be "freely given").  If Cox cannot make any such allegation in good faith, *see supra* at 6 n.11, but still wishes to bring claims challenging the disciplinary proceedings, he should file a new action under 42 U.S.C. § 1983.[13]

---

[12] Because Cox's claims apparently cannot proceed under 28 U.S.C. § 2254, his request for an evidentiary hearing on his habeas petition, *see* Docket Item 15, is denied without prejudice.  If Cox amends his petition to state a viable habeas claim, he may renew his request for a hearing.

[13] The Clerk of the Court shall send to Cox with this order a blank section 1983 complaint form and the instructions for preparing a section 1983 complaint.

**CONCLUSION**

For the reasons stated above, Cox's motion to compel, Docket Item 11, is

DENIED.  And Cox's petition, Docket Item 1, will be dismissed unless he amends it

within 45 days of the date of this order to show how his claims may proceed under 28

U.S.C. § 2254.  The respondent may answer, move against, or otherwise respond to

any amended petition within 30 days of its filing.  If Cox does not file an amended

petition within 45 days, then his petition will be dismissed and the Clerk of the Court

shall close the case without further order.

If Cox does not file an amended petition and his case is dismissed, the Court

hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not

be taken in good faith and therefore denies leave to appeal as a poor person.

*Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28

U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a

court could resolve in a different manner, and because these issues are not debatable

among jurists of reason, the petitioner has failed to make a substantial showing of the

denial of a constitutional right.  Accordingly, the Court denies a certificate of

appealability.


SO ORDERED.

Dated:  August 9, 2022
        Buffalo, New York



                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE